**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In re:<br><br>JADE PRESENTS, LLC,<br><br>Debtor. | Case No. 26-30438<br>Chapter 11 |
| In re:<br><br>TICKETS300, LLC,<br><br>Debtor. | Case No. 26-30439<br>Chapter 11<br><br>Jointly Administered |
| JADE PRESENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>UNIQUE FUNDING SOLUTIONS, LLC, a/k/a BLUEBRIDGE FUNDING a/k/a SCG FUNDING a/k/a VITAL CAP FUNDING a/k/a TVT a/k/a FUNDKITE,<br><br>Defendant. | Adv. Pro. No. 26-07019 |

**DEFENDANT UNIQUE FUNDING SOLUTIONS, LLC'S**
**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant, Unique Funding Solutions, LLC ("Unique"), by and through its undersigned counsel, for its Answer to Complaint and Affirmative Defenses states as follows:

**Introduction**

1. Unique denies the allegations in Paragraph 1.

2. Unique denies the allegations in Paragraph 2.

3. Unique denies the allegations in Paragraph 3.

4. Unique denies the allegations in Paragraph 4.

5. Unique denies the allegations in Paragraph 5.

6. Unique denies that Plaintiff is entitled to the relief it seeks.

**Parties**

7. Unique admits the allegations in Paragraph 7.

8. Unique denies that it is "carrying on the business of entering into MCA agreements." Its product is revenue-based financing. Unique admits the remaining allegations in Paragraph 8.

9. Unique denies the allegations in Paragraph 9.

**Jurisdiction and Venue**

10. Paragraph 10 consists of a purported statement of law or legal conclusion to which no response is required. Unique further states that it does not consent to the entry of final orders or judgment on non-core proceedings by the bankruptcy court.

11. Paragraph 11 consists of a purported statement of law or legal conclusion to which no response is required.

12. Paragraph 12 consists of a purported statement of law or legal conclusion to which no response is required.

13. Paragraph 13 consists of a purported statement of law or legal conclusion to which no response is required.

**General Allegations: MCA Industry**

14. Unique denies the allegations in Paragraph 14.

15. Unique denies the allegations in Paragraph 15.

16. Unique denies the allegations in Paragraph 16.

17. Unique denies the allegations in Paragraph 17.

18. Paragraph 18 consists of a purported statement of law or legal conclusion to which no response is required. Nevertheless, Unique states that there nothing metaphysically and legally impossible about the transactions it enters into. Such transactions have been upheld and recognized by courts for a substantial amount of time.

19. Unique denies the allegations in Paragraph 19.

20. Unique denies the allegations in Paragraph 19.

21. Unique denies the allegations in Paragraph 20. Again, Unique's product is revenue-based financing.

**General Allegations: Parties' Relationship**

22. Unique denies the allegations in Paragraph 22.

23. Unique denies the allegations in Paragraph 23.

24. Unique admits the allegations in Paragraph 24

25. Unique denies the allegations in Paragraph 25.

25. Unique denies the allegations in Paragraph 25.

26. Unique denies the allegations in Paragraph 26.

**Count I: Fraudulent Conveyance**
**(11 U.S.C. §548)**

27. Unique incorporates its answers to the foregoing paragraphs as though fully set forth herein.

28. Unique denies the allegations in Paragraph 28. The Debtor expressly represented and warranted to Unique that it was not insolvent.

29. Unique denies the allegations in Paragraph 29.

30. Unique denies the allegations in Paragraph 30.

31. Unique denies the allegations in Paragraph 31.

32. Unique denies the allegations in Paragraph 32.

**WHEREFORE**, Unique respectfully requests that this Honorable Court deny the relief requested by Plaintiff, enter judgment in its favor on Count I and grant such other and further relief as is this court deems just and proper.

**Count II: Fraudulent Conveyance**
**(11 U.S.C. § 544; N.D. Cent. Code § 13-02.1-04)**

33. Unique incorporates its answers to the foregoing paragraphs as though expressly set forth herein.

34. Unique denies the allegations in Paragraph 34.

35. Unique denies the allegations in Paragraph 35.

36. Unique denies the allegations in Paragraph 36. Unique further states that its transactions do not give rise to debts, but rather, an obligation to remit property purchased so long as such property was being collected by the Debtor.

37. Unique denies the allegations in Paragraph 37.

38. Unique denies the allegations in Paragraph 38.

39. Unique denies the allegations in Paragraph 39.

**WHEREFORE**, Unique respectfully requests that this Honorable Court deny the relief requested by Plaintiff, enter judgment in its favor on Count II and grant such other and further relief as is this court deems just and proper.

**Count III: Fraudulent Conveyance**
**(11 U.S.C. §544; N.D. Cent. Code §13-02.1-05)**

40. Unique incorporates its answers to the foregoing paragraphs as though expressly set forth herein.

41. Unique denies the allegations in Paragraph 41.

42. Unique denies the allegations in Paragraph 42.

43. Unique denies the allegations in Paragraph 43.

44. Unique denies the allegations in Paragraph 44.

45. Unique denies the allegations in Paragraph 45.

46. Unique lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46.

**WHEREFORE**, Unique respectfully requests that this Honorable Court deny the relief requested by Plaintiff, enter judgment in its favor on Count III and grant such other and further relief as is this court deems just and proper.

**Count IV: Violation of Securities and Exchange Commission Rule 10b-5**

47. Unique incorporates its answers to the foregoing paragraphs as though expressly set forth herein.

48. Unique denies the allegations in Paragraph 48. Its counsel drafts form agreements for it.

49. Unique admits the allegations in Paragraph 49.

50. Unique admits the allegations in Paragraph 50.

51. Unique denies the allegations in Paragraph 51.

52. Unique denies the allegations in Paragraph 52.

53. Unique denies the allegations in Paragraph 53.

54. Unique denies the allegations in Paragraph 54. Its transactions are not loans and there are no interest rates associated with them.

55. Unique denies the allegations in Paragraph 55.

56. Paragraph 56 is merely speculation. Not a factual allegation grounded in reality. The reality is that Unique's transactions are not loans and, as such, there would be no basis to disclose they are.

57. Unique denies that there is an interest rate associated with its transactions or that any business is borrowing money from it. Unique lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57.

58. Unique denies that it made any misrepresentations or omissions and denies all remaining allegations in Paragraph 58.

59. Rocket denies the allegations in Paragraph 59.

60. Paragraph 60 is a purported statement of law or legal conclusion to which no response is required. Nevertheless, Unique denies the allegation in Paragraph 60.

**WHEREFORE**, Unique respectfully requests that this Honorable Court deny the relief requested by Plaintiff, enter judgment in its favor on Count IV and grant such other and further relief as is this court deems just and proper.

## AFFIRMATIVE DEFENSES

1. The claims fail in whole or in part because Plaintiff has failed to state a claim upon which relief can be granted.

2. To the extent Plaintiff can establish all elements of any of the fraudulent transfer claims, the claims fail in whole or in part because they were made in good faith and for value.

Dated: October 13, 2026

Respectfully Submitted,

KAMINSKI LAW, PLLC

*/s/ Shanna M. Kaminski*___
Shanna M. Kaminski
*To be Admitted Pro Hac Vice*
P.O. Box 247
Grass Lake, Michigan 49240
(248) 462-7111
skaminski@kaminskilawpllc.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of October 2026 I filed the foregoing Defendant Unique Funding Solutions, LLC's Answer to Complaint and Affirmative Defenses using the Court's CM/ECF system which served the same on the following:

Maurice VerStandig mac@mcveq.com

*/s/ Shanna M. Kaminski*